UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>STATE OF NEW YORK and<br>PUBLIC EMPLOYMENT RELATIONS<br>BOARD,<br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 1:25-cv-01283-GTS-ML<br>)<br>)<br>)<br>)<br>)<br>) |

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, the National Labor Relations Board, brings this civil action against Defendants, the State of New York and the Public Employment Relations Board, and alleges as follows:

**INTRODUCTION**

1.　This is an action for declaratory and injunctive relief to prevent the enforcement of New York's recently enacted statute, S.8034A (attached as Exhibit A), which amends Section 715 of the New York State Labor Relations Act, N.Y. Lab. Law § 715 (2025). Newly amended Section 715 unlawfully conflicts with the National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, by attempting to regulate private sector labor relations already governed by federal law.

2.　The National Labor Relations Board seeks a declaration that S.8034A is preempted by the National Labor Relations Act and an injunction against its enforcement, as it creates a parallel regulatory system that undermines the federal labor policy Congress designed to be national in scope.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337, as it arises under the laws of the United States, specifically the Supremacy Clause of the United States Constitution (Article VI, Clause 2) and the National Labor Relations Act, as amended, 29 U.S.C. § 151 *et seq*.

4. This Court has authority to provide the relief requested under the U.S. Constitution, 28 U.S.C. §§ 1651, 2201, and 2202, and its inherent legal and equitable powers.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the Defendants reside in this district and a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff National Labor Relations Board (NLRB or Board) is a federal agency created in 1935 by Congress, which vested it with the authority to enforce the National Labor Relations Act (NLRA or Act) and regulate most labor relations in the private sector.

7. Defendant, the State of New York, is a state of the United States.

8. Defendant, the Public Employment Relations Board (PERB), is an agency of the State of New York responsible for administering the New York State Labor Relations Act (NYSLRA).

## BACKGROUND

9. The NLRA guarantees employees definitive rights in Section 7 (29 U.S.C. § 157), enforces those rights by making certain employer and union activity unfair labor practices in Section 8 (*id*. at § 158), and provides for the designation and election of bargaining representatives in Section 9 (*id*. at § 159). It also empowers the Board, in Section 10 (*id*. at §

160), to enforce all these provisions and to prevent "any person" from engaging in unfair labor practices.

10. States are prohibited from regulating any "activity that the [Act] protects, prohibits or arguably protects or prohibits," *Wisconsin Dep't of Indus. v. Gould Inc.*, 475 U.S. 282, 286 (1986)—*i.e.*, activity that is subject to the regulatory jurisdiction of the NLRB. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 244–46 (1959).

11. Section 10(a) of the NLRA, 29 U.S.C. § 160(a), grants the NLRB exclusive authority to prevent unfair labor practices affecting commerce.

12. Section 14(c) of the Act, 29 U.S.C. §164(c), allows the NLRB to decline jurisdiction in certain cases, but this discretion remains solely with the Board.

13. The NLRB's authority is exclusive in matters covered by the NLRA, and it preempts state regulation in these areas. This preemption ensures a uniform national labor policy by preventing states from enacting laws or regulations that could disrupt the balance established by federal law.

14. The PERB is a state agency in New York. It is primarily responsible for overseeing labor relations between public employers and employees.

15. On September 5, 2025, Kathy Hochul, Governor of the State of New York, signed into law S.8034A, which amends Section 715 of the NYSLRA. Upon signing, S.8034A took immediate effect.

16. Prior to the enactment of S.8034A, the PERB had limited involvement with private sector employees and employers—specifically, those not covered by the NLRA.

17. S.8034A's amendments to Section 715 of the NYSLRA empowers the PERB to enforce collective bargaining agreements and handle charges related to labor disputes that would

otherwise fall under the jurisdiction of the NLRB. S.8034A further empowers the PERB to certify bargaining representatives and enforce collective bargaining agreements.

18. S.8034A also amends Section 715 of the NYSLRA to require the NLRB to seek declaratory relief in federal district court in order to assert its jurisdiction over private sector labor relations in New York, effectively displacing the NLRB's congressionally mandated jurisdiction.

19. The enactment of S.8034A creates an instant conflict with the federal scheme because it disrupts the NLRB's exclusive authority to regulate most private sector labor relations.

## CLAIM FOR RELIEF

1. Plaintiff incorporates by reference all allegations stated above.

2. S.8034A is preempted by the NLRA under the Supremacy Clause of the United States Constitution, and empowers the PERB to regulate activity arguably protected and prohibited by the Act, *Garmon*, 339 U.S. at 245, and stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

3. The NLRB has not ceded its jurisdiction to the State of New York under Sections 10(a) or 4(c) of the Act. 29 U.S.C. §§ 160(a), 164(c).

4. S.8034A unlawfully usurps the NLRB's authority by attempting to regulate areas explicitly reserved for federal oversight, creating a parallel regulatory framework that conflicts with the NLRA. This encroachment disrupts the balance of federal and state powers, as Congress desired that "centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid those diversities and conflicts likely to result from a variety of local procedures and attitudes toward labor controversies." *Garner v. Teamsters*, 346 U.S. 485, 490–91 (1953).

5. Plaintiff seeks a declaratory judgment and an injunction to prevent the enforcement of S.8034A, as it conflicts with federal law and disrupts the careful balance of interests established by Congress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that S.8034A is preempted by the National Labor Relations Act and is therefore invalid and unenforceable;

B. Preliminarily enjoin the State of New York and the Public Employment Relations Board from taking action to implement or enforce S.8034A, pending the final resolution of this action;

C. Permanently enjoin the State of New York and the Public Employment Relations Board from enforcing S.8034A;

D. Award Plaintiff its costs and reasonable attorneys' fees; and

E. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NATIONAL LABOR RELATIONS BOARD**

NANCY E. KESSLER PLATT
*Associate General Counsel*
Division of Legal Counsel
Nancy.Platt@nlrb.gov

        DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*
Division of Legal Counsel
Dawn.Goldstein@nlrb.gov
*Pro hac vice* motion forthcoming

KEVIN P. FLANAGAN
*Deputy Assistant General Counsel*
Kevin.Flanagan@nlrb.gov

<u>/s/ Chad A. Wallace</u>
CHAD A. WALLACE
*Trial Attorney*
Chad.Wallace@nlrb.gov
(202) 273-2489

Contempt, Compliance, and
   Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570

Dated this 16th day of September 2025
in Washington, D.C.

Exhibit A

# STATE OF NEW YORK
_____

                                8034--A

Cal. No. 1301

                         2025-2026 Regular Sessions

# IN SENATE

                              May 15, 2025
                              _____

  Introduced by Sen. RAMOS -- read twice and ordered printed, and when
    printed to be committed to the Committee on Labor -- reported favora-
    bly from said committee, ordered to first and second report, ordered
    to a third reading, amended and ordered reprinted, retaining its place
    in the order of third reading

  AN ACT to amend the labor law, in relation to disputes between employers
    and recognized employee organizations

  The People of the State of New York, represented in Senate and Assem-
bly, do enact as follows:

 1    Section 1. Section 715 of the labor law, as amended by chapter 890 of
 2  the laws of 1968, is amended to read as follows:
 3    § 715. Application of article. **1.** The provisions of this article shall
 4  not apply to: [(1)] **(a)** employees of any employer who concedes to and
 5  agrees with the board that such employees are subject to and protected
 6  by the provisions of the [national labor relations act or the] federal
 7  railway labor act; [or (2)] **(b) employees where the national labor**
 8  **relations board successfully asserts jurisdiction over any employer,**
 9  **employees, trades, or industries pursuant to an order by the federal**
10  **district court established under article three of the United States**
11  **constitution; or (c)** employees of the state or of any political or civil
12  subdivision or other agency thereof.
13  **2. For all other employees, the board shall, upon application and**
14  **verification, promptly certify the exclusive bargaining representative**
15  **of any bargaining unit previously certified by another state or federal**
16  **agency. All existing terms and conditions of employment between a certi-**
17  **fied exclusive bargaining representative and an employer shall remain in**
18  **full force and effect through the board's verification process.**
19    § 2. This act shall take effect immediately.


  EXPLANATION--Matter in _italics_ (underscored) is new; matter in brackets
                       [-] is old law to be omitted.
                                                           LBD13123-03-5