UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------- x
                                                  :
NATIONAL LABOR RELATIONS BOARD,                   :   Civil Action No.
                                                  :   1:25-cv-1283
                        Plaintiff,                :
                                                  :
            v.                                    :   ANSWER
                                                  :
STATE OF NEW YORK and PUBLIC                      :
EMPLOYMENT RELATIONS BOARD,                       :
                                                  :
                        Defendants.               :
                                                  :
------------------------------------------------- x

Defendants State of New York and New York State Public Employment Relations Board ("PERB") answer the Second Amended Complaint filed by Plaintiff National Labor Relations Board ("NLRB") as follows:

## INTRODUCTION

1.      Defendants admit that S.8034A amends the New York State Employment Relations Act ("SERA"). The remaining allegations in paragraph 1 consist of Plaintiff's legal opinions and conclusions regarding preemption doctrines and the interpretation of the National Labor Relations Act ("NLRA"), to which no response is required. To the extent a response is required, Defendants deny these allegations, because neither Congress (in passing or amending the NLRA) nor the Supreme Court (in its NLRA preemption decisions) entrusted exclusive jurisdiction to a federal agency like today's NLRB, which lacks independence and is unable to consistently enforce or uniformly administer the NLRA. Defendants otherwise respectfully refer the Court to the NLRA for its true and accurate contents.

1

2.      The allegations in paragraph 2 consist of a combination of Plaintiff's legal opinions and conclusions regarding NLRA preemption doctrines and a statement of the relief Plaintiff seeks, neither of which require a response. To the extent a response is required, Defendants deny the allegations in paragraph 2, because neither Congress (in passing or amending the NLRA) nor the Supreme Court (in its NLRA preemption decisions) entrusted exclusive jurisdiction to a federal agency like today's NLRB, which lacks independence and is unable to consistently enforce or uniformly administer the NLRA.

## JURISDICTION AND VENUE

3.      The allegations in paragraph 3 consist of Plaintiff's legal opinions and conclusions regarding subject-matter jurisdiction, to which no response is required.

4.      The allegations in paragraph 4 consist of Plaintiff's legal opinions and conclusions regarding the Court's authority to grant Plaintiff's requested relief, to which no response is required.

5.      The allegations in paragraph 5 consist of Plaintiff's legal opinions and conclusions regarding venue, to which no response is required. To the extent a response is required, Defendants admit that they reside in this District and that events relevant to this action occurred in this District.

## PARTIES

6.      Defendants deny that the NLRB was created by Congress in 1935. More precisely, the NLRB was a pre-existing agency that Congress restructured in 1935 by granting it independence. The remainder of Plaintiff's allegations in paragraph 6 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of the NLRA, to which no response is required. Defendants respectfully refer the Court to the NLRA for its true and

accurate contents.

7.  Defendants admit the allegations in paragraph 7.

8.  Defendants admit the allegations in paragraph 8.

## BACKGROUND

9.  The allegations in paragraph 9 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of the NLRA, to which no response is required. Defendants respectfully refer the Court to the NLRA for its true and accurate contents.

10. The allegations in paragraph 10 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of the NLRA, to which no response is required. Defendants respectfully refer the Court to the NLRA for its true and accurate contents.

11. The allegations in paragraph 11 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of the NLRA, to which no response is required. Defendants respectfully refer the Court to the NLRA for its true and accurate contents.

12. The allegations in paragraph 12 consist of Plaintiff's legal opinions and conclusions regarding preemption doctrines, to which no response is required. To the extent a response is required, Defendants deny these allegations, because neither Congress (in passing or amending the NLRA) nor the Supreme Court (in its NLRA preemption decisions) entrusted exclusive jurisdiction to a federal agency like today's NLRB, which lacks independence and is unable to consistently enforce or uniformly administer the NLRA.

13. The allegations in paragraph 13 consist of Plaintiff's legal opinions and conclusions regarding preemption doctrines and the interpretation of the NLRA, to which no response is required. To the extent a response is required, Defendants deny these allegations, because neither Congress (in passing or amending the NLRA) nor the Supreme Court (in its

NLRA preemption decisions) entrusted exclusive jurisdiction to a federal agency like today's NLRB, which lacks independence and is unable to consistently enforce or uniformly administer the NLRA.  Defendants otherwise respectfully refer the Court to the NLRA for its true and accurate contents.

14. The allegations in paragraph 14 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of the NLRA, to which no response is required.  To the extent a response is required, Defendants deny these allegations, because Plaintiff mischaracterizes Section 14(c) of the NLRA as requiring formal Board action to decline and cede jurisdiction over local industry.  Rather, declination and cession of jurisdiction under Section 14(c) can be effected by any action or inaction by the NLRB that amounts to a failure to determine rights and liabilities, whether by the NLRB's General Counsel, Regional Directors, or other agency actors.  Illustratively, this year, the NLRB declined jurisdiction over local industry and ceded it to the states, through the abdication of its independence and failure to enforce the NLRA.  Defendants otherwise respectfully refer the Court to the NLRA for its true and accurate contents.

15. The allegations in paragraph 15 consist of Plaintiff's legal opinions and conclusions regarding preemption doctrines and the interpretation of the NLRA, to which no response is required.  To the extent a response is required, Defendants deny these allegations, because neither Congress (in passing or amending the NLRA) nor the Supreme Court (in its NLRA preemption decisions) entrusted exclusive jurisdiction to a federal agency like today's NLRB, which lacks independence and is unable to consistently enforce or uniformly administer the NLRA.  Defendants otherwise respectfully refer the Court to the NLRA for its true and accurate contents.

16. The allegations in paragraph 16 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. To the extent a response is required, Defendants admit that PERB enforces SERA. Defendants otherwise respectfully refer the court to SERA for its true and accurate contents.

17. The allegations in paragraph 17 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. Defendants respectfully refer the court to SERA for its true and accurate contents.

18. The allegations in paragraph 18 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. Defendants respectfully refer the court to SERA for its true and accurate contents.

19. The allegations in paragraph 19 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. Defendants respectfully refer the court to SERA for its true and accurate contents.

20. The allegations in paragraph 20 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. Defendants respectfully refer the court to SERA for its true and accurate contents.

21. The allegations in paragraph 21 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. To the extent a response is required, Defendants admit that the New York Legislature amended SERA in 2025. Defendants otherwise respectfully refer the court to SERA for its true and accurate contents.

22. The allegations in paragraph 22 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required.

Defendants respectfully refer the court to SERA for its true and accurate contents.

23. Defendants admit that the NLRB has processed cases involving Amazon entities (collectively, "Amazon"), and the Amazon Labor Union – International Brotherhood of Teamsters Local 1. The allegations in paragraph 23 otherwise consist of Plaintiff's legal opinions and conclusions regarding the interpretation of filings and orders in the cited cases involving Amazon, to which no response is required.

24. Defendants admit that the referenced document is a charge filed by Brima Sylla against Amazon with the NLRB. Other allegations in paragraph 24 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of that charge, to which no response is required. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations, which concern the status of that NLRB case and the NLRB's investigation of that charge. Defendants otherwise respectfully refer the Court to the charge itself for its true and accurate contents.

25. Defendants admit that the referenced document is a charge filed by Brima Sylla against Amazon with PERB. The allegations in paragraph 25 otherwise consist of Plaintiff's legal opinions and conclusions regarding the interpretation of that charge, to which no response is required. Defendants otherwise respectfully refer the Court to the charge itself for its true and accurate contents.

26. The allegations in paragraph 26 consist of Plaintiff's legal opinions and conclusions regarding the interpretation of SERA, to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 26, because Plaintiff mischaracterizes the 2025 Amendment to SERA as "displacing" the NLRB's jurisdiction, when it in in fact grants PERB concurrent jurisdiction with the NLRB, creating a

system of parallel federal-state enforcement[1] that is normal in the regulation of employment and functions in other areas, including anti-discrimination and wage-and-hour law.

27.     The allegations in paragraph 27 consist of Plaintiff's legal opinions and conclusions regarding preemption doctrines and the interpretation of the NLRA and SERA, to which no response is required.  To the extent that a response is required, Defendants deny the allegations in paragraph 27, because PERB's concurrent jurisdiction would not "disrupt[]," but rather supplement the NLRB's jurisdiction.

\* \* \*

The remaining paragraphs contain a combination of legal opinions and conclusions and Plaintiff's requests for relief, neither of which require a response.  Further, Defendants deny each and every allegation in the Second Amended Complaint that they have not specifically admitted, answered, or otherwise responded to.

## DEFENSES

### FIRST DEFENSE – *MOOTNESS*

Plaintiff's requested relief has been mooted by relief granted in a parallel proceeding, *Amazon.com Services LLC v. New York State Public Employment Relations Board, et al.*, No. 25 Civ. 5311 (E.D.N.Y.).

### SECOND DEFENSE – *RIPENESS*

Plaintiff's claims are not ripe for review, including because pending cases before the United States Supreme Court bear on the merits of this action, and because PERB has not yet interpreted and applied the 2025 Amendment to SERA.

---

[1] Elsewhere in its Complaint, the NLRB acknowledges that that the 2025 Amendment to SERA "creates a *parallel* regulatory system."  Complaint ¶ 2 (emphasis added).

**THIRD DEFENSE –** ***UNCLEAN HANDS***

Plaintiff is precluded from seeking equitable relief due to its wrongful conduct, including abdicating its statutory independence; colluding with employers who violate the NLRA by declining to defend itself against their legal challenges to its authority and declining to enforce the law against them; and pursuing policies that undermine workers' right to organize and collectively bargain.

**WHEREFORE**, Defendants respectfully request that the Court dismiss the Second Amended Complaint in its entirety and grant such further relief as the Court deems appropriate.

Dated: New York, New York    December 23, 2025

Respectfully submitted,

KAREN CACACE  
Bureau Chief  
Labor Bureau

YOUNG LEE  
Deputy Bureau Chief  
Labor Bureau

LETITIA JAMES  
ATTORNEY GENERAL OF NEW YORK

28 Liberty Street  
New York, New York 10005  
(212) 416-6251

By:   /s/ Julio Sharp-Wasserman

Karen Cacace  
Young Lee  
Julio Sharp-Wasserman  
Assistant Attorneys General