UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| NATIONAL LABOR RELATIONS BOARD, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| STATE OF NEW YORK and PUBLIC EMPLOYMENT RELATIONS BOARD, | ) | |
| Defendants, | ) | Civil Action No. 1:25-cv-1283-GTS-ML |
| and | ) | |
| AMAZON LABOR UNION NO. 1, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, | ) | |
| Intervenor-Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

NANCY E. KESSLER PLATT
*Associate General Counsel*
Division of Legal Counsel

DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*
Division of Legal Counsel

TAMMY L. FARMER
*Attorney-Advisor*
E-Litigation Branch

CHAD A. WALLACE
*Trial Attorney*
Contempt, Compliance, and Special
Litigation Branch

NATIONAL LABOR RELATIONS BOARD
1015 Half Street, SE
Washington, DC 20570
(202) 273-2489

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT........................................................................................................................ 3

    A.   The depositions of the General Counsel and the Solicitor should be wholly precluded based on their high-ranking positions. ..................................................................................... 3

    B.   The depositions of the NLRB's two Schedule C appointees should be precluded based on Defendants' intent to probe privileged matters; in the alternative, should any of the four depositions be ordered, they should be limited.......................................................................... 6

    C.   Any depositions of NLRB employees should be recorded by stenographic means only ... 8

CONCLUSION ................................................................................................................... 9

**PRELIMINARY STATEMENT**

In this action, Plaintiff National Labor Relations Board ("NLRB or Board") has sued the State of New York and its Public Employment Relations Board ("Defendants"), seeking to invalidate New York state law S.8034A, as it usurps the authority and jurisdiction Congress entrusted to the NLRB to regulate national labor policy, through the National Labor Relations Act (NLRA or Act). *See* Second Amended Complaint for Declaratory and Injunctive Relief, ECF 13-1, ¶¶ 1, 15-27, and Claim for Relief ¶¶ 2–5. Defendants have responded by seeking to turn a straightforward legal issue of preemption into a needless discovery battle royale to support a defense that does not exist in law. They claim that if the NLRB is not "independent," then the preemption analysis under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), does not apply. Moreover, Defendants assert that whether the NLRB is "independent" is a question of fact that must first be determined through discovery. They claim that if the NLRB is not "independent," then the preemption analysis under *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959), does not apply.[1] Their argument is incorrect.

In their ongoing fishing expedition, Defendants seek to depose two high-ranking officials of Plaintiff: General Counsel Crystal S. Carey and Solicitor Fred B. Jacob. Defendants also seek to depose the Agency's two "Schedule C" appointees: the Board's Director of the Office of Public and Congressional Affairs (OCPA), Sylvester Giustino, and policy advisor to the General Counsel, Leo Thuman. Defendants state that they seek these depositions to determine the extent of the Board's "independence," in furtherance of their alleged defense. But

---

[1] Notably, Defendants' theories were summarily dismissed by the Eastern District of New York in *Amazon.com Services LLC v. New York State Public Employment Relations Board*, No. 25-CV-5311(EK)(MMH), 2026 WL 2085865 (E.D.N.Y. July 20, 2026) ("the [New York law] is squarely preempted by the NLRA").

longstanding limitations on deposing high-level governmental personnel require Defendants to show that exceptional circumstances exist before the depositions of Plaintiff's General Counsel and Solicitor may occur. Moreover, it appears that Defendants seek to question Giustino and Thuman about communications covered by the deliberative process privilege and executive privilege. A protective order should be granted, vacating all four notices of depositions. If any testimony is permitted, Plaintiff seeks narrowly tailored limits to exclude privileged matters and a stenographic-only recording protocol.

Crystal S. Carey began serving as the General Counsel to the NLRB on January 7, 2026.[2] Section 3(d) of the National Labor Relations Act establishes the Office of the General Counsel, and imbues that individual with "final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints . . . , and in respect of the prosecution of such complaints before the Board." 29 U.S.C. § 153(d). Further, the General Counsel represents the Board in federal court, including enforcement of Board orders. Fred B. Jacob became the NLRB's Solicitor in 2018. In that role, he is the "chief legal adviser and consultant to the entire Board on all questions of law regarding the Board's general operations and on major questions of law and policy concerning the adjudication of NLRB cases in the Courts of Appeals and the U.S. Supreme Court. The Solicitor also serves as the Board's legal representative and liaison to the General Counsel and other offices of the Board."[3] Sylvester Giustino was announced as the

---

[2] General Counsel | National Labor Relations Board (last visited July 20, 2026).

[3] Fred B. Jacob Named NLRB Solicitor | National Labor Relations Board (last visited July 20, 2026).

Director of OCPA in January 2026.[4] Leo Thuman is currently a policy advisor in the Office of General Counsel.[5]

**ARGUMENT**

A court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery" and "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). Such an order is needed here because Defendants' attempt to depose two high-ranking government personnel is not permitted by law absent a heightened showing, which Defendants cannot make. And as explained later, the deposition of the two Schedule C appointees (*see* 5 C.F.R. § 213.3301) appears to principally seek information covered by privileges, based on Defendants' theory of the case.

A.  <u>The depositions of the General Counsel and the Solicitor should be wholly precluded based on their high-ranking positions.</u>

"[E]xceptional circumstances must exist before the involuntary depositions of high agency officials are permitted." *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *see also Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199 (2d Cir. 2013); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985). In fact, "the Supreme Court has indicated that the practice of calling high officials as witnesses should be discouraged." *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (citing *United States v. Morgan*, 313 U.S. 409 (1941)).

---

[4] NLRB Appoints Sylvester Giustino as Director of the Office of Congressional and Public Affairs | National Labor Relations Board (last visited July 20, 2026).

[5] *See* United States Government Policy and Supporting Positions (Plum Book), 2025 data, available at United States Government Policy and Supporting Positions (Plum Book) | GovInfo (last visited July 21, 2026).

Courts have developed the *Morgan* standard's higher showing requirement precisely because of the unique hardships that compelling the testimony of high-ranking government officials inflicts on the individuals themselves, the performance of their agencies' tasks, the integrity of the administrative process, and consequently, the public. *See, e.g., United States v. Newman*, 531 F. Supp. 3d 181, 188 (D.D.C. 2021). As the Fourth Circuit recently explained, the compelled testimony of high-ranking personnel raises significant "separation of powers concerns." *In re Musk*, 169 F.4th 445, 448 (4th Cir. 2026); *see also Morgan*, 313 U.S. at 422; *In re USA*, 624 F.3d 1368, 1376 (11th Cir. 2010) (holding that compelling decisionmaker testimony "would have serious repercussions for the relationship between two coequal branches of government"); *In re Dep't of Educ (DeVos)*, 25 F.4th 692, 698–700 & n.1 (9th Cir. 2022). For these reasons, "[a]lthough district courts have occasionally ordered such depositions, circuit courts have issued writs of mandamus to stop them when asked to, generally finding that the circumstances before them were not extraordinary." *DeVos*, 25 F.4th at 701 (collecting cases).

To meet this heightened "extraordinary circumstances" standard, Defendants must "establish at a minimum, that the [personnel] possess information essential to [their] case which is not obtainable from another source." *In re United States (Reno)*, 197 F.3d 310, 313–14 (8th Cir. 1999) (citation modified); *see also Blankenship v. Fox News Network, LLC*, No. 2:19-cv-236, 2020 WL 7234270, at *6 (S.D. W.Va. Dec. 8, 2020) (explaining that a party seeking to depose a high-ranking governmental official must "make an actual showing" that the official "possesses personal knowledge relevant to the litigation" that is "essential to that party's case" and which "is not available through any alternative source or less burdensome means") (citations omitted). What's more, this is true "even in cases . . . in which the government is a movant." *In*

*re United States (Bernanke)*, 542 F. App'x 944, 948 (Fed. Cir. 2019) (citing *Reno*, 197 F.3d at 316).

Here, the General Counsel and the Solicitor are each "high-ranking" government personnel, and thus should be protected from deposition. "[H]igh-ranking" encompasses more than just Cabinet-level officials or agency heads. *Newman*, 531 F. Supp. 3d at 189; s*ee, e.g., U.S. Bd. of Parole v. Merhige*, 487 F.2d 25, 29 (4th Cir. 1973) (applying doctrine to members of the Board of Parole); *Church of Scientology of Bos. v. IRS,* 138 F.R.D. 9, 12 (D. Mass. 1990) (applying doctrine to Director of Exempt Organizations Technical Division, National Office of the I.R.S. who occupied a "Senior Executive, Level 4 position and is responsible for the management" of the Division); *United States v. Sensient Colors*, 649 F. Supp. 2d 309, 321 (D.N.J. 2009) (applying doctrine to EPA Regional Administrator for Region 2, who "reports directly to the EPA Administrator, who in turn reports directly to the President of the United States."). The NLRB's General Counsel is a Presidentially appointed, Senate-confirmed official, who carries out the duties laid out in 29 U.S.C. § 153(d), and the Solicitor reports directly to the five-seat NLRB, and serves as the Board Members' chief legal officer.[6] Indeed, there is no basis for distinguishing either the General Counsel or the Solicitor from similar positions to which the doctrine has been applied. *See, e.g.*, *Low v. Whitman*, 207 F.R.D. 9, 12 (D.D.C. 2002) (Deputy Chief of Staff of the Environmental Protection Agency); *Church of Scientology*, 138 F.R.D. at 12; *cf. Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199 (2d Cir. 2013) (affirming protective order barring deposition of former Deputy Mayor).[7]

---

[6] Rules and Regulations - NLRB Organization and Functions (under revision, last visited July 20, 2026).

[7] In contrast, the Second Circuit permitted the deposition of an Acting Assistant Attorney General, when that official had authored a letter which had been used by the Secretary of Commerce as an allegedly "pretextual legal justification." *In re United States Dep't of Com.*, No.

Nor can Defendants establish that either the General Counsel or the Solicitor is essential to their case. Even assuming that each "may have first-hand knowledge" of events assertedly relevant to their defense, Defendants cannot establish the information is unobtainable through other means. *See Newman*, 531 F. Supp. 3d at 190. As the D.C. Circuit has held, top government officials, "should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions." *Simplex Time Recorder*, 766 F.2d at 586.

Defendants' failure to exhaust alternatives before seeking depositions of high-ranking personnel is dispositive. Many such alternatives exist. Defendants could, for example, serve additional interrogatories to obtain any supplemental facts they had sought to gain from depositions. *See Alexander*, 186 F.R.D. at 5; *Blankenship*, 2020 WL 7234270, at *7. At a minimum, Defendants must depose other witnesses before seeking to depose high-ranking government actors, and then justify why they need the additional depositions. *Blankenship*, 2020 WL 7234270, at *7 (finding it "significant that Plaintiff [had] scheduled the depositions of several others who would also have personal knowledge").

B. <u>The depositions of the NLRB's two Schedule C appointees should be precluded based on Defendants' intent to probe privileged matters; in the alternative, should any of the four depositions be ordered, they should be limited.</u>

Defendants have further noticed two individuals who are likely to be questioned principally on matters protected by privilege, including executive privilege and deliberative

---

18-2652, 2018 WL 6006904, at *1 (2d Cir. Sept. 25, 2018). And later in that same case, the Second Circuit permitted the Secretary of Commerce himself to be deposed, but only after a preliminary showing had been made of "bad faith or improper behavior," and after the district court had found that "deposition testimony by three of Secretary Ross's aides indicated that only the Secretary himself would be able to answer the Plaintiffs' questions." *In re United States Dep't of Com.*, No. 18-2856, 2018 WL 6006885, at *1 (2d Cir. Oct. 9, 2018). Here, Defendants can make out no such showing of impropriety or pretext; nor have they taken any prior depositions indicating the need for high-ranking officials' testimony.

process privilege. As Defendants have previously explained, the depositions are intended to "Probe Discovery Materials Indicative of Presidential Influence on NLRB Policy and Operations." Defendants' Letter Motion at 4 (ECF No. 80). Defendants believe that "the White House is exerting influence on the operations of the NLRB, including by weighing in on specific cases and jurisdictional issues, by exerting unprecedented influence on the Board's regulatory priorities, and by politicizing agency hiring practices." *Id.* Thus, it is clear that Defendants intend to question Mr. Giustino and Mr. Thuman as to their discussions with White House advisors, and their discussions with NLRB officials as to matters of policy.

Executive privilege permits a President to protect from disclosure "documents or other materials that reflect presidential decisionmaking [*sic*] and deliberations and that the President believes should remain confidential." *In re Sealed Case*, 121 F.3d 729, 744 (D.C. Cir. 1997); *see also United States v. Nixon*, 418 U.S. 683, 708 (1974). The privilege applies not only to materials viewed by the President directly, but also to records "solicited and received by the President or [the President's] immediate White House advisers who have broad and significant responsibility" for advising the President. *Judicial Watch, Inc. v. Department of Justice*, 365 F.3d 1108, 1114 (D.C. Cir. 2004) (internal quotation marks and citation omitted). Thus, questions as to these officials' communications with White House advisors would necessarily intrude on White House activities and the President's performance of constitutional duties, which triggers significant separation-of-powers concerns. *See Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 383 (2004). And as the Supreme Court explained in *United States Fish & Wildlife Serv. v. Sierra Club, Inc.,* 592 U.S. 261, 267 (2021), the deliberative process privilege shields from disclosure information "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Id.* at 267 (quoting

*NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (internal quotation marks omitted)).

Because the questioning of these witnesses would principally be subject to privilege, the Court should preclude them entirely. And as noted above, this is a straightforward legal case that does not require factual development. It follows that the parts of the depositions that would be nonprivileged and within the bounds of Rule 26 are disproportionate to the needs of the instant case. For these reasons, an oral deposition of these two government employees should be precluded unless Defendants can demonstrate proportionate, nonprivileged objectives for the deposition that cannot be obtained by less intrusive means than taking public servants away from their roles for an entire day.

Alternatively, should any of the four depositions go forward, the Court should instruct counsel for Defendants that they are prohibited from questioning on matters subject to executive privilege, deliberative process privilege, or attorney-client privileges.[8]

C.  <u>Any depositions of NLRB employees should be recorded by stenographic means only</u>

Should any deposition be permitted, the NLRB seeks to restrict the recording to stenographic means only. Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure grants the Court the authority to determine the method of recordation.[9] The sensitive and high-profile nature of this litigation—involving the NLRB's institutional independence and its relationship to the executive branch—creates a substantial risk that audio or video recordings of senior NLRB

---

[8] This requested prohibition as to executive privilege is subject to Plaintiff obtaining appropriate authorization to assert executive privilege.

As noted above, Solicitor Jacob acts as attorney for the five-seat Board. In some cases, like the instant proceeding, General Counsel Carey acts as counsel for the Board as well.

[9] FRCP 30(b)(3)(A) states, "[t]he party who notices the deposition must state in the notice the method for recording the testimony. Unless the court orders otherwise, testimony may be recorded by audio, audiovisual, or stenographic means. The noticing party bears the recording costs. Any party may arrange to transcribe a deposition."

employees could be selectively edited and disseminated for political gain or media attention. Courts in the Second Circuit have confirmed that the good cause standard for a protective order limiting the use of deposition transcripts and recordings is a low hurdle to clear when the applicant seeks a modest protective order. *See Haidon v. Town of Bloomfield*, 552 F. Supp. 3d 265, 274 (D. Conn. 2021).

## CONCLUSION

For the foregoing reasons, this Court should issue a protective order precluding the depositions of all four deponents, or in the alternative, issue a protective order limiting the scope of any depositions that go forward, by direction to counsel for Defendants, to preclude questions about conversations with White House officials and conversations about current or past deliberations before the NLRB. Finally, given the importance of the instant motion, Plaintiff anticipates that the Court's disposition on the motion will be appealed. Accordingly, Plaintiff respectfully requests that the Court stay the depositions pending any appeal of this motion.

Respectfully submitted,

NANCY E. KESSLER PLATT
*Associate General Counsel*
Division of Legal Counsel
Nancy.Platt@nlrb.gov

DAWN L. GOLDSTEIN
*Deputy Associate General Counsel*
Division of Legal Counsel
Dawn.Goldstein@nlrb.gov

TAMMY L. FARMER
*Attorney-Advisor*
E-Litigation Branch
Tammy.Farmer@nlrb.gov

/s/ Chad A. Wallace
CHAD A. WALLACE
Trial Attorney
Chad.Wallace@nlrb.gov
(202) 273-2489
Contempt, Compliance, and
Special Litigation Branch
1015 Half Street, S.E., 4th Floor
Washington, D.C. 20570

Dated this 21st day of July, 2026
in Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEW YORK and<br>PUBLIC EMPLOYMENT RELATIONS<br>BOARD,<br><br>Defendants,<br><br>and<br><br>AMAZON LABOR UNION NO. 1,<br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS,<br><br>Intervenor-Defendant. | Civil Action No. 1:25-cv-1283-GTS-ML |

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, I caused the foregoing to be e-filed with the Court via

the CM/ECF system, which sent notification of such filing to the attorneys of record.

DATED: July 21, 2026, at
Washington, DC.

Respectfully submitted,
by /s/ Chad A. Wallace
Chad A. Wallace
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
Phone: (202) 273-2489
Chad.Wallace@nlrb.gov